UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO RAMOS, ALBERTO RODRIGUEZ, AND VICTOR PINTO SANTIAGO, INDIVIDUALS,

    Intended Plaintiffs,

v.                                      Case No:      2:14-mc-14-SPC-CM

R&R HARVESTING, INC.,

    Intended Defendant.

_____/

## ORDER[1]

    This matter comes before the Court on Plaintiffs, Julio Ramos, Alberto Rodriquez and the Defendant R & R Harvesting's Joint Motion for Approval of Settlement Agreement Under the Fair Labor Standards Act (FLSA) (Doc. #1) filed on June 24, 2014. There are two ways by which FLSA claims may be settled, compromised or released by an employee. Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1352-53 (11th Cir. 1982). The first, permits resolution of claims under the supervision of the United States Department of Labor. Id. The second, permits resolution of disputed claims on terms that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

are fair and reasonable, with judicial approval.  As stated by the Eleventh Circuit Court of Appeals in Lynn's Food:

> [s]ettlements are permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suite does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to pomote the policy of encouraging settlement of litigation.

Id. at 1354.

In this instance, the Parties never brought a suit pursuant to the FLSA with this Court.  Instead, they settled the FLSA dispute outside of the Court and then filed the instant Joint Motion for Approval of Settlement Agreement under the Fair Labor Standards Act (FLSA) in a miscellaneous case.  The Parties do not dispute the terms of the settlement agreement and both agree the settlement agreement should be approved by the Court.

Article III of the United States Constitution restricts federal judicial power to the adjudication of cases or controversies. U.S, Const. art. III, § 2.  No Article III case or controversy exists where the parties to the action desire "precisely the same result." Moore v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 47, 48, 91 S. Ct. 1292, 29 L. Ed. 2d 590 (1971).  Because the Parties in this case agree and desire the same result they are not adverse and there is no live case or controversy between the Plaintiff and Defendant. Kay v. Online Vacation Center Holdings Corp., 539 F.Supp.2d 1372, 1375 (S.D. Fla. March 20, 2008).  Furthermore, to approve an "agreement" between an

employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirt of the FLSA. Lynn's Food Stores, 679 F. 2d at 1354.

Therefore, the Court must dismiss this case as the Court does not have Article III authority to preside over a matter which lacks a dispute. *See* Clinton v. New York, 524 U.S. 417, 118 S. Ct. 2091, 141 L.Ed.2d 393 (1998) ("Article III of the Constitution confines the jurisdiction of the federal courts to actual 'Cases' and 'Controversies.'").

Should the parties desire Court approval of a settlement agreement, they are directed to file a Complaint and submit their Joint Motion for Approval of Settlement Agreement under the Fair Labor Standards Act.

Accordingly, it is now

**ORDERED:**

The Clerk of the Court is directed to **DISMISS** the case and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record